People v McKenzie (2019 NY Slip Op 01319)





People v McKenzie


2019 NY Slip Op 01319


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8470 3505/15

[*1]The People of the State of New York, Respondent,
v
Cecil McKenzie, Defendant-Appellant.


Stanley Neustadter, New York, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Meghan Callagee O'Brien of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered November 9, 2016, as amended January 20, 2017, convicting defendant, after a jury trial, of persistent sexual abuse and resisting arrest, and sentencing him, as a second violent felony offender, to an aggregate term of four years, unanimously affirmed.
The court providently exercised its discretion in admitting evidence of defendant's two most recent prior incidents of sexual misconduct on the subway. This evidence was relevant to establish defendant's intent, where the charged sexual conduct occurred on a crowded subway, and portions of the defense cross-examination and summation could be viewed as challenging the proof of the element of intent (see People v Ingram , 71 NY2d 474, 479-480 [1988]). Even if defendant's intent could be inferred from his behavior, the People, who had the burden of proving that element, "were not bound to stop after presenting minimum evidence" (People v Alvino , 71 NY2d 233, 245 [1987]). Furthermore, the prior incidents were not excessively remote in time, and the court provided suitable limiting instructions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK